Oliver V. Trump
Complaint

United States District Court

For the Eastern District of Kentucky

Civil Action No. 5:25-CV-95-DCR

**Tanyqua Oliver,** Mom-Abolitionist

*Lead Plaintiff*

**V.**

**Donald Trump, In his Official and**

**Individual Capacity** as President of the

US, *Defendant;*

*Real Party(s) in Interest;*

United States Department of Education

Office of Civil Rights

Eastern District of Kentucky
FILED

MAR 28 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

## Civil Rights Complaint

#AbolishTheSchooltoPrisonPipeline

Today is Friday, March 28, 2025

**Legal Authorities and Jurisdiction:**

42 U.S.C. 1983

Fed.R.Civ.P.23

USC 1st Amendment; Press, Assembly, Petition

*Patsy v. Bd. of Regents,* 457 U.S. 496

*The Doctrine of Primary Jurisdiction*

*White v. Beech-Nut Nutrition Co.,* 2024 U.S. App. LEXIS 1145

*Ellis v. Tribune TV Co.,* 443 F.3d 71

*Brown v. Bd. of Educ.,* 347 U.S. 483

*Johnson V Rogers,* 917 F.2d at 1285

KRS 158.150

Oliver V. Trump
Complaint

KRS 158.150 (7) (b) (1), KRS 158.150 (3) (d) (1 or 2)

## Parties:

*Lead Plaintiff;*

Tanyqua Oliver, Activist-Abolitionist-Member of the Media

1088 Nandino Blvd #11085 Lexington, KY 40511

WeDemandQualityOfLife@gmail.com 513-399-7237

*Defendant;*

1. Donald Trump, President of the United States of America

1600 Pennsylvania Avenue Washington, D.C. 20500

*Real Party(s) in Interest:*

1. United States Department of Education Office of Civil Rights

The Wanamaker Building 100 Penn Square East, Suite 515 Philadelphia, PA

## Statement of Claim:

I. This Eastern District of the United States District Court has jurisdiction over this matter as the virtual assembly and submission of a petition for redress of a class grievance transpired in Lexington, KY.

II. The Lead Plaintiff asserts that the defendant, acting under color of law, has stepped outside of his constitutional authority by abridging and causing ongoing irreparable injury through unconstitutional delays to the lead plaintiff's right to petition the United States Department of Education Office of Civil Rights on the behalf of herself and adjoining class since March 20, 2025 when the Executive Order was signed and whereas the lead plaintiff is also the petitioner and point of contact for the adjoining

2

class that petitioned the U.S. Department of Education first and two petitions were confirmed to be received on January 27, 2025 in agreement with the Ellis Factors established within *Ellis v. Tribune TV Co., 443 F.3d 71*, see exhibit #1 and #7

III. The lead plaintiff, Tanyqua Oliver, asserts that the defendant's action to abruptly close the United States Department of Education Office of Civil Rights that includes the Office of Civil Rights, has immediately abridged her right to petition the United States Department of Education Office of Civil Rights on the behalf of herself and adjoining class and whereas The lead plaintiff, Tanyqua Oliver, has been denied the right to enroll her child at any public common school within Fayette County Public Schools without procedural due process because of her race as an African American since September 12, 2024.

IV. The lead plaintiff, Tanyqua Oliver, asserts that because of the defendant's actions to close the United States Department of Education, that she is suffering a maturing irreparable injury to her right to petition a federal agency that can represent, investigate and mediate her allegations on the behalf of herself and others such as the United States Department of Education Office of Civil Rights as Tanyqua Oliver is not an attorney but an activist and abolitionist. Tanyqua Oliver and adjoining class desperately need an investigator, attorney and/or mediator to represent herself and adjoining class as Tanyqua Oliver and adjoining class are being deprived of a right to equal access to a public education.

V. The lead plaintiff, Tanyqua Oliver, additionally asserts that The United States Department of Education Office of Civil Rights is the agency of primary jurisdiction and whereas state departments do not maintain sole or primary jurisdiction over constitutional questions involving civil rights violations as ruled in *Patsy v. Bd. of Regents, 457 U.S. 496* in addition to the four *Ellis factors* established within *Ellis v. Tribune TV Co., 443 F.3d 71* and whereas requiring Tanyqua Oliver and adjoining class to exhaust state remedies would induce prejudice, unjustified delays and enable maturing irreparable injury to equal access to a public education for all members of the class as established in *Brown v. Bd. of Educ., 347 U.S. 483*.

VI. Tanyqua Oliver asserts that this court must *"balance the advantages of applying the doctrine"* as ruled in *White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145* and whereas applying the doctrine would speed up the process to allow innocent children to return to their public common school, their school activities, prom, public sports involvement, mentorship and public social settings.

VII. Tanyqua Oliver asserts that every single day that she and the adjoining class are denied the right to enroll their child at a public common school without procedural due process because of race, a maturing injury to equal access to a public education per the USC 14th Amendment, a maturing injury of intentional infliction of emotional distress, and an injury to a right to a hearing in front of Fayette County or Jefferson County Public

        School Board prior to of expulsion or transfer into alternative schools per KRS 158.150 as the legal guardian of a child subjected to expulsion or transfer; continue to accrue.

VIII. The lead plaintiff asserts that in alignment with Fed.R.Civ.P. 23 that the class consist of over 100 members and a joinder is impracticable, there are questions of law or fact common to the class such as deprivation of procedural due process and equal access to a public education due to being black and/or African American. Tanyqua Oliver; lead plaintiff, additionally asserts that all claims and defenses asserted by the lead plaintiff are typical claims and defenses of the entire class, that the lead plaintiff will fairly and adequately protect the interests of the class. The lead plaintiff additionally asserts that prosecuting separate actions would create a risk of inconsistent adjudications and that both Fayette County Public Schools and Jefferson County Public Schools have refused to act on the grounds or claims stated within where the lead plaintiff has been peacefully protesting for months and whereas members have also contacted superintendents, school district staff members and etc. and whereas justice with regard to KRS 158.150 has been disregarded for all because of being black and/or African American.

IX. KRS 158.150 (7) (b) (1), KRS 158.150 (3)(d)(1 or 2) mandates an expulsion hearing to be held by the local school board or an appeals committee and whereas Fayette County Public Schools and Jefferson County Public Schools have not adopted an appeals committee.

X. The lead plaintiff asserts that this class action is superior to all the available methods for fairly and efficiently adjudicating the controversy per Fed.R.Civ.P.23 (B) and moves this court to appoint counsel per Fed.R.Civ.P.23 (g).

I. The lead plaintiff asserts that in accordance with *Ellis v. Tribune TV Co., 443 F.3d 71* that 1)Policy Considerations of Fayette County and Jefferson County Public Schools are within the U.S. Department of Education Office of Civil Rights' particular field of expertise 2) that the U.S. Department of Education Office of Civil Rights reserves the authority and discretion to investigate the petitions submitted by Tanyqua Oliver 3) There is a substantial danger of inconsistent rulings as the Kentucky Department of Education cannot handle its own matters and is furthermore not going to incriminate themselves. The U.S. Department of Education Office of Civil Rights can complete their investigation without conflict of interest. See exhibit#6, where the Kentucky Department of education issued a final order towards the lead plaintiff and child frivolously claiming that the lead plaintiff's child's name is Zachary and that the child was recommended for expulsion by the board of Education and whereas the lead plaintiff's child's name is not Zachary and has never been recommended for expulsion by any Board of Education 4) That the lead plaintiff 's petition was sent and received by the U.S. Department of Education Office of Civil Rights and additionally was assigned an investigator before the defendant's vague, broad sweeping and

unconstitutional executive ORDER *"Improving Education Outcomes by Empowering Parents, States, and Communities"* signed on March 20, 2025. See the dates listed on exhibit #7 and the dates on each corresponding email.

II. Tanyqua Oliver asserts that any parent or guardian that is a member of the class, that appeals decisions made by local school boards are negligently handled by the Kentucky Department of Education.

III. The lead plaintiff asserts that administrative procedures by public schools enabling the school to prison pipeline are an issue of public interest and of public importance as a class of individual's demands REFORM of the Department of Education at both the state and federal levels. Please see link: *Change.org/AbolishTheSchoolToPrisonPipeline.*

IV. The Defendant's vague and broad sweeping Executive Order issued and signed on March 20, 2025, closed the United States Department of Education including but not limited to the Office of Civil Rights, see exhibit #1, is unconstitutional and inconsiderate of the masses.

V. Tanyqua Oliver asserts that Alternative Schools in Kentucky are additionally testing below the national and state academic standard yet Black and/or African American students are sent to alternative schools where many are never transferred back to their public common school for the remainder of their primary and/or secondary education (K-12) depriving and causing a maturing irreparable injury to Black and/or African American students equal access to a public education.

VI. Black and/or African American students are displaced into alternative schools without procedural due process 2X more than any other race in Fayette County Public Schools and Jefferson County Public Schools, both within the state of Kentucky as well as many other public schools across the country in an effort to abridge the right to equal access to a public education in an effort to scandalously segregate public schools in which has been already been abolished within case law *Brown v. Bd. of Educ., 347 U.S. 483* and whereas the defendant's actions cause a maturing irreparable injury to petition for a redress of the class' grievance to address the scandal.

VII. Due to not being afforded equal access to a public education because of the entire and/or majority of the class' race, in both Fayette County and Jefferson County Public Schools; black and/or African American students enter the general population as institutionalized and academically challenged adults, this is an irreparable and dangerous injury to the student, family and the general society and whereas the defendant's actions have enabled this ongoing irreparable injury to continue for the class and others alike.

VIII. The defendant's actions abridge oversight and accountability of an ongoing school to prison pipeline that continues to put Black and/or African American students at high risk of recidivism versus desistance such as the violations and scandal committed by Fayette County and Jefferson County Public Schools.

IX. The events and violations alleged within this document detail what the school to prison pipeline is and the class has petitioned to end it, starting within the state of Kentucky.

X. Let it be noted that the lead plaintiff is still collecting similar disparities from families in other school districts in Kentucky and other states.

XI. Tanyqua Oliver asserts that her disabled black child is a juvenile previously enrolled at Jessie Clark Middle School, A Fayette County Public School in Lexington KY and is currently pending fabricated criminal charges and whereas drugs were confiscated from an involved white child and were fabricated to be found on Tanyqua Oliver's child's personal belongings to afford the white child unequal access to a public education and to evade criminal prosecution while Tanyqua Oliver's child continues to be denied a public education at Jessie Clark Middle School, participation on the football team for the entire season and other school events since September 12, 2025.

XII. The plaintiff asserts that Fayette County Public Schools in Conspiracy with the Kentucky Department of Education deprived Tanyqua Oliver's child of equal access to a public education through procedural due process violations because of race and refusing to afford Tanyqua Oliver a hearing in front of Fayette County School Board or an appeals committee per KRS 158.150.

XIII. The plaintiff asserts that Fayette County Public Schools currently holds expulsion hearings heard by an "Administrative Hearing Panel" in

violation of KRS 158.150 (7) (b) (1), KRS 158.150 (3)(d)(1 or 2) that is composed of staff members that are a conflict of interest or that reserve a direct financial interest in the transfer of students into alternative schools based upon demand. See exhibit#10 and a signed letter from the members withing exhibit #4

XIV. Tanyqua Oliver asserts that after receiving the letter seen in exhibit #4, that on March 4, 2025 an Open Records Request submitted by the lead plaintiff requesting *"all policies and procedures of the Fayette County School Board's Administrative Hearing Panel to include but not limited to expulsion policies that override Fayette County Public Schools policy 9.435 (exhibit# )... full list of members and total number of members of the Fayette County School Board Administrative Hearing Panel"* was sent and received by Fayette County Public Schools. Yet on March 11, 2025 Fayette County Public Schools responded to the Open records Request by Stating that *"FCPS is not in possession of the requested records... A public agency is not required to compile information or to create a record that does not already exist in response to an open records request"* see exhibit #5

XV. Funding for alternative schools in the state of Kentucky is not secured in federal funding or state funding but is dispersed by each individual school board based upon demand or headcount hence the motive for sending children to alternative school with no end date and whereas the defendant's actions and given alternatives within executive order 14242

seen in exhibit #1 are not in the interest of justice and does not empower parents but empowers the Kentucky Department of Education and State agencies alike to continue to exploit our children's short comings, traumas and disadvantages.

XVI. The lead plaintiff asserts that accountability of state departments of education through the United States Department of Education Office of Civil Rights is nonnegotiable to prevent, intervene and mitigate ongoing irreparable harm to equal access to a public education to the lead plaintiff, class and other parents/guardians alike in various states across the country.

XVII. The lead plaintiff asserts that the class along with our children have been deprived of equal access to a public education, procedural due process and disability accommodations ranging from 14 days to several years and counting where majority of the parent/guardians gathered are black and/or African American.

XVIII. **Other Civil Actions Filed in the United States District Court:**

*Cases Pending 25-CV-85 (unrelated to this complaint)*

The lead plaintiff is a member of the media that is regularly targeted by government officials such as Judicial officers in the peaceful exercise of her 1st amendment rights to press, speech and petition whom regularly speaks out against the government and public corruption as an Activist/Abolitionist. The lead plaintiff has petitioned this court for redresses of her grievances.

**Relief Sought and Conclusion:**

Oliver V. Trump
Complaint

The lead plaintiff moves this court through a civil complaint along with a separate motion for an immediate restraining ORDER against the defendant *without notice* as the lead plaintiff, class and our children are suffering ongoing irreparable damages to our children's equal access to a public education due to our race as our children are Black and/or African American students at the fault of our local school districts in addition to the failure to intervene by our state departments of education such as the Kentucky Department of Education.

I. The Plaintiff Moves this Court to render the defendants executive ORDER, seen as exhibit#1 as unconstitutional and discriminatory in it's entirety.

II. A restraining ORDER against the defendant to refrain from closing any federal agency that investigates civil rights complaints as abridging civil rights is not within the constitutional authority of the President of the united states and whereas the alternative given is not in the interest of justice.

III. An ORDER to re-instate the United States Department of Education; Office of Civil Rights IMMEDIATELY as maturing irreparable injury to equal access to a public education and the ability to enroll our children in any public common school in our respective local school districts continues to accrue as the U.S. Department of Education Office of Civil Rights is the federal agency of primary jurisdiction as rules in *White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145, Ellis v. Tribune TV Co., 443 F.3d 71* and *Patsy v. Bd. of Regents, 457 U.S. 496.*

IV. The lead plaintiff additionally moves this court for an ORDER directing the defendant to educate himself and to adequately and consciously REFORM the United States Department of Education Office of Civil Rights with an individual knowledgeable about the school to prison pipeline and how it predominately effects black and/or African American students in an effort to prevent more un-informed vague, broad sweeping executive orders.

XI. The lead plaintiff moves this court for a certified ORDER that this is a class action and additionally asserts that this class action is superior to all the available methods for fairly and efficiently adjudicating the controversy per Fed.R.Civ.P.23(B).

XII. The lead plaintiff and moves this court for an ORDER to appoint counsel per Fed.R.Civ.P.23(g).

### Closing:

Many students along with their families such as the lead plaintiff and child are currently being deprived of the right to petition, press, speech, procedural due process, disability accommodations and equal access to a public education due to being black and/or African American.

*The lead plaintiff asserts that the Defendant, acting under color of law, is stepping outside of his constitutional authority* is currently abridging a class' first amendment right to petition the government through the United States Department of Education: Office of Civil Rights for a redress of our grievance by executive order signed by the defendant on March 20, 2025.

Oliver V. Trump
Complaint

The lead Plaintiff asserts that a petition for a redress of the class' grievance as an activist-abolitionist as well as a parent equally affected was submitted on January 25, 2025, received on January 27, 2025, correspondence began on January 31, 2025 and that an investigator was assigned on March 10, 2025. See exhibit #7. The lead plaintiff petitioned FIRST in alignment with the four Ellis factors established to apply *The Primary Jurisdiction Doctrine*.

The lead plaintiff asserts that the Kentucky Department of Education acting under color of state law, negligently *failed to intervene, deprived* or *conspired* to deprive the lead plaintiff and class of the right to freedom to assemble, petition, press, speech, procedural due process, disability accommodations, equal protections of the laws and equal access to a public education because of race and whereas the alternatives given by the defendant, acting under color of law, to the U.S. Department of Education are not in the interest of justice.

The lead plaintiff asserts that the Kentucky Department of Education and many other state departments of education have historically proven themselves to be not in the best interest of justice and whereas although there are more appellate state procedures that must be exhausted in lieu of due process that the 1st, 4th and 14th amendment violations that the lead plaintiff and the adjoining class is not required to exhaust state remedies and that federal and civil rights questions of law are reserved for the federal government and/or parallel litigation as ruled in *Patsy V. Bd. Of Regents, 457 U.S. 496, 498, The Doctrine of Primary Jurisdiction, White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145* and *Ellis v. Tribune TV Co., 443 F.3d 71*.

The executive ORDER signed by the defendant on March 20, 2025 is herby deemed *unconstitutional* by giving state agencies sole jurisdiction of federal and civil rights questions of law.

The lead plaintiff asserts that *"justice delayed, is justice denied"* as ruled in *Johnson V* Rogers, 917 F.2d at 1285 and whereas being mandated to exhaust state remedies would exasperate an ongoing irreparable injury for the lead plaintiff and adjoining class' right to a hearing in front of the local school board prior to expulsion or transfer of our children into alternative schools per KRS 158.150 and whereas alternative schools in Kentucky continuously fail to provide adequate or equal curriculum, resources, social settings and more.

Finally, Tanyqua Oliver asserts that this is not a procedural due process claim but rather a 1st amendment claim for abridging the lead plaintiff's right to assemble and petition.

## Certification:

Under rules of federal procedure 11, by signing below, I, Tanyqua Oliver; Lead plaintiff certify to the best of my knowledge, information and belief that this petition is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation.

This complaint and emergency motion for a restraining ORDER against the defendant is supported by existing constitutional civil rights, common law and established doctrines. The factual contentions have evidentiary support preserved per Fed.R.Civ.P. 26. This complaint complies with rule 11.

Oliver V. Trump
Complaint

/s/Tanyqua Oliver/s/ Lead Plaintiff, Activist-Abolitionist

1088 Nandino Blvd #11085 Lexington KY 40511

Tanyqua5@gmail.com 513-399-7237

### Certificate of Service:

I, Tanyqua Oliver, hereby certify that the foregoing document was served upon the following on or before 3/28/2025 by Certified USPS mail:

1. Donald Trump, President of the United States of America

1600 Pennsylvania Avenue Washington, D.C. 20500

   USPS Tracking Number#

2. United States Department of Education Office of Civil Rights

The Wanamaker Building 100 Penn Square East, Suite 515 Philadelphia, PA 19107

   USPS Tracking Number#

### Exhibits:

1. Executive ORDER Signed by Donald Trump on 3/20/2025 "Improving Education Outcomes by empowering Parents, States and Communities".
2. Fayette County Public Schools Policy 9.435
3. https://www.facebook.com/share/r/1BMfsNo5wS/?mibextid=wwXlfr
4. Letter from Fayette County Public Schools "administrative hearing panel"
5. Open Records Request and Response from Fayette County Public Schools.
6. First page of Final ORDER issued by Kentucky Department of Education
7. Email from United States Department of Education: Office of Civil Rights to lead plaintiff on January 27, 2025, January 31, 2025 and March 10, 2025.
8. Online Petition: Change.org/AbolishTheSchoolToPrisonPipeline