## Presidential Documents

Executive Order 14242 of March 20, 2025

### Improving Education Outcomes by Empowering Parents, States, and Communities

By the authority vested in me as President by the Constitution and the laws of the United States of America, and to enable parents, teachers, and communities to best ensure student success, it is hereby ordered:

**Section 1.** *Purpose and Policy.* Our Nation's bright future relies on empowered families, engaged communities, and excellent educational opportunities for every child. Unfortunately, the experiment of controlling American education through Federal programs and dollars—and the unaccountable bureaucracy those programs and dollars support—has plainly failed our children, our teachers, and our families.

Taxpayers spent around $200 billion at the Federal level on schools during the COVID–19 pandemic, on top of the more than $60 billion they spend annually on Federal school funding. This money is largely distributed by one of the newest Cabinet agencies, the Department of Education, which has existed for less than one fifth of our Nation's history. The Congress created the Department of Education in 1979 at the urging of President Jimmy Carter, who received a first-ever Presidential endorsement from the country's largest teachers' union shortly after pledging to the union his support for a separate Department of Education. Since then, the Department of Education has entrenched the education bureaucracy and sought to convince America that Federal control over education is beneficial. While the Department of Education does not educate anyone, it maintains a public relations office that includes over 80 staffers at a cost of more than $10 million per year.

Closing the Department of Education would provide children and their families the opportunity to escape a system that is failing them. Today, American reading and math scores are near historical lows. This year's National Assessment of Educational Progress showed that 70 percent of 8th graders were below proficient in reading, and 72 percent were below proficient in math. The Federal education bureaucracy is not working.

Closure of the Department of Education would drastically improve program implementation in higher education. The Department of Education currently manages a student loan debt portfolio of more than $1.6 trillion. This means the Federal student aid program is roughly the size of one of the Nation's largest banks, Wells Fargo. But although Wells Fargo has more than 200,000 employees, the Department of Education has fewer than 1,500 in its Office of Federal Student Aid. The Department of Education is not a bank, and it must return bank functions to an entity equipped to serve America's students.

Ultimately, the Department of Education's main functions can, and should, be returned to the States.

**Sec. 2.** *Closing the Department of Education and Returning Authority to the States.* (a) The Secretary of Education shall, to the maximum extent appropriate and permitted by law, take all necessary steps to facilitate the closure of the Department of Education and return authority over education to the States and local communities while ensuring the effective and uninterrupted delivery of services, programs, and benefits on which Americans rely.

(b) Consistent with the Department of Education's authorities, the Secretary of Education shall ensure that the allocation of any Federal Department of Education funds is subject to rigorous compliance with Federal law and Administration policy, including the requirement that any program or activity receiving Federal assistance terminate illegal discrimination obscured under the label "diversity, equity, and inclusion" or similar terms and programs promoting gender ideology.

**Sec. 3.** *General Provisions.* (a) Nothing in this order shall be construed to impair or otherwise affect:

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

[signature]

THE WHITE HOUSE,
*Washington, March 20, 2025.*

[FR Doc. 2025-05213
Filed 3-24-25; 8:45 am]
Billing code 3395-F4-P

STUDENTS 09.435

## Expulsion

**BOARD MAY EXPEL**

The Board may expel or extend the expulsion of any student from the regular school setting for misconduct as defined by law. Provision of educational services will be required unless the Board determines, on the record and supported by clear and convincing evidence, that the expelled student posed a threat to the safety of other students or school staff and could not be placed in a state-funded agency program.[1]

The Board shall require the expulsion from school for a period of at least twelve (12) months for a student who is determined by the Board:

1. Through clear and convincing evidence to have made threats that pose a danger to the well-being of students, faculty, or staff of the District;
2. To have brought a weapon to a school under its jurisdiction per Board Policy 05.48.

The Board may expel a student for longer than twelve (12) months.

Behavior that may be determined to pose a threat shall include, but not be limited to, the physical assault, battery, or abuse of others on or off school property (and the incident is likely to substantially disrupt the educational process); the threat of physical force; being under the influence of drugs or alcohol; the use, possession, sale, or transfer of drug or alcohol; the carrying, possessing, or transfer of weapons or dangerous instruments; and any other behavior that may endanger the safety of others.

The Superintendent shall present to the Board for its approval options for providing or ensuring that educational services are provided to expelled students.

In lieu of expelling a student, or upon the expiration of a student's expulsion, the Superintendent may place a student into an alternative program or setting if the Superintendent determines placement of the student in his or her regular school setting is likely to substantially disrupt the educational process or constitutes a threat to the safety of other students or school staff.

Except for extreme cases, a student shall be brought before the Board for expulsion only after reasonable efforts on the part of the school have failed. Such efforts shall include conferences involving the Principal or Associate Principal, teacher(s), parents and student, as well as the full use of guidance services and other appropriate social agencies.

**HEARING AND RECORDS REQUIRED**

Action to expel, extend the expulsion, or place in an alternative program or setting a student shall not be taken until the parent, guardian, or other person having legal custody or control of the student has had an opportunity for a hearing before the Board.[1] The special education and disciplinary records of IDEA eligible students shall be sent to the Board for review before the decision is made to expel.[3] If applicable, a bus driver shall have the opportunity to be heard at any disciplinary hearing against a student relating, at least in part, to misconduct that occurred during the operator's transportation of the student or to misconduct by the student's parent or guardian.



450 Park Place
Lexington, KY 40511
Phone: (859) 381-4100
FCPS.net

Board of Education:
Tyler Murphy, Chair
Amy Green, Vice Chair
Amanda Ferguson
Marilyn Clark
Jason Moore

Superintendent:
Demetrus Liggins, PhD

An Equal Opportunity
School District

Feb 12, 2025

Dear Tanyqua Oliver,

As the parent/guardian of ~~[redacted]~~, you understand that you have chosen to accept recommendations of the Fayette County Public School Administrative Hearing Panel in lieu of going before the Fayette County Public School Board for an expulsion hearing. ~~[redacted]~~ will remain enrolled in Martin Luther King Jr. Academy until ~~[redacted]~~ meets criteria for exit.

This arrangement is understood by Tanyqua Oliver, and ~~[redacted]~~, that ~~[redacted]~~ has any further significant discipline infractions during the school year, that the administrative hearing panel may refer ~~[redacted]~~ for further disciplinary action.

_____
Dr. Erika Bowles, Chief of Middle
Schools Leadership Officer

_____
Jimmy Bentine, Assistant Principal of
Jessie Clark Middle School

_____
Chris Young, Associate Director of
Pupil Personnel

_____
Chris Salyers, Director of Alternative
Programs

_____
David Moore, Program Director,
Martin Luther King, Jr. Academy

 Gmail

Tanyqua Oliver <tanyqua5@gmail.com>

## Re: Open records Request
1 message

**FCPS Open Records Request** <openrecordsrequest@fayette.kyschools.us>  Tue, Mar 11, 2025 at 5:00 PM
To: Tanyqua Oliver <tanyqua5@gmail.com>

Hello,

In response to your request for records:

1. FCPS is not in possession of the requested records
2. A public agency is not required to compile information or to create a record that does not already exist in response to an open records request

Thank you,

Open Records
Fayette County Public Schools
450 Park Place
Lexington, Kentucky 40511


From: Tanyqua Oliver <tanyqua5@gmail.com>
Sent: Tuesday, March 4, 2025 1:41 PM
To: FCPS Open Records Request
Subject: Re: Open records Request

EXTERNAL MAIL

To:FCPS "Administrative Hearing Panel"
450 Park Place Lexington Ky
From: Tanyqua Oliver
1088 Nandino Blvd #11085 Lexington Ky

OPEN RECORDS REQUEST

My name is Tanyqua Oliver and I am requesting

1.) all policies and procedures of the "Fayette County Public Schools Administrative Hearing Panel" to include put not limited to "expulsion policies" that override policy #9.435 of FCPS.

2.) the full list of member and total number of members of the "Fayette County Public Schools Administrative Hearing Panel"


-For the Love of Flowers.


Miss Oliver
KY-OH Regional Quality of Life Activist
513-399-7237


On Tue, Mar 4, 2025 at 8:33 AM Tanyqua Oliver <tanyqua5@gmail.com<mailto:tanyqua5@gmail.com>> wrote:
My name is Tanyqua Oliver and I am requesting

1.) all policies and procedures of the "Fayette County Public Schools Administrative Hearing Panel" to include put not

**KENTUCKY DEPARTMENT OF EDUCATION**
**OFFICE OF SPECIAL EDUCATION AND EARLY LEARNING**
**AGENCY CASE NO 2425-09**

**ZACHARY OLIVER**                                              **PETITIONER**

**V**                             **FINAL ORDER**

**FAYETTE COUNTY PUBLIC SCHOOLS**                     **RESPONDENT**

Student was suspended from Jessie Clark Middle School on September 12, 2024, and the Board of Education proposed that the student be expelled. Students with disabilities are entitled to certain protections under IDEA when they are disciplined for a violation of the student code of conduct. In the present case, Student had not been identified by School as a student with a disability, but Petitioner alleged the student is disabled and that School had a basis of knowledge, that Student was a child with a disability before the time of the conduct prompting the disciplinary action occurred. If so, Student is entitled to the same disciplinary protections as a student who had been identified as a child with a disability.

Petitioner filed a complaint with two counts. The first count was directed to the disciplinary dispute and alleged that School had a basis of knowledge that the student was a student with a disability prior to the time of the conduct prompting the disciplinary action andsought an order of protection under 34 CFR 300.584. The second count alleged a violation of Child Find obligations under 34 CFR 300.111(a).

The parties agreed to address Count I through briefs. Briefs were filed. Being fully advised, the hearing officer, by Order entered December 23, 2024, found Petitioner had not established basis of knowledge and was not entitled to a protective order.

 Gmail

Tanyqua Oliver <tanyqua5@gmail.com>

---

## Correspondence: Fayette County Public Schools - OCR Reference No. 03-25-1179
1 message

---

**OCR Philadelphia** <OCR.Philadelphia@ed.gov>  
To: "TANYQUA5@GMAIL.COM" <TANYQUA5@gmail.com>

Fri, Jan 31, 2025 at 3:12 PM

January 31, 2025

**IN RESPONSE, PLEASE REFER TO: 03251179**

Dear Tanyqua Oliver:

The Philadelphia Office of the U.S. Department of Education, Office for Civil Rights (OCR) received your complaint against Fayette County Public Schools January 27, 2024. We are currently evaluating your complaint to determine whether OCR has the authority to investigate your allegation(s).

For your reference, you may access OCR's Complaint Processing Procedures here, OCR's Complaint Processing Procedures. Additional information about OCR and the laws OCR enforces may be found on OCR's website at About OCR | U.S. Department of Education.

Your case will be assigned shortly, and that staff person will contact you by email, unless you specified in your complaint that you prefer to be contacted by phone. We request your patience as we evaluate your complaint. If you have any questions or concerns, please contact Team Leader Craig Ginsburg at Craig.Ginsburg@ed.gov.

Thank you,

OCR Philadelphia

---

Program Support

U.S. Department of Education, Office for Civil Rights

The Wanamaker Building

100 Penn Square East, Suite 515

Philadelphia, Pennsylvania 19107

Phone: (215) 656-8541 (Main Line)

Fax: (215) 656-8605

*The mission of the Office for Civil Rights is to ensure equal access to education and to promote educational excellence throughout the nation through vigorous enforcement of civil rights.*

 Gmail

Tanyqua Oliver <tanyqua5@gmail.com>

## Correspondence: Jefferson County Public Schools - OCR Reference No. 03-25-1180
1 message

**OCR Philadelphia** <OCR.Philadelphia@ed.gov>  
To: "TANYQUA5@GMAIL.COM" <TANYQUA5@gmail.com>

Fri, Jan 31, 2025 at 4:49 PM

January 31, 2025

**IN RESPONSE, PLEASE REFER TO:  03251180**

Dear Tanyqua Oliver:

The Philadelphia Office of the U.S. Department of Education, Office for Civil Rights (OCR) received your complaint against Jefferson County Public Schools January 27, 2025. We are currently evaluating your complaint to determine whether OCR has the authority to investigate your allegation(s).

For your reference, you may access OCR's Complaint Processing Procedures here, OCR's Complaint Processing Procedures. Additional information about OCR and the laws OCR enforces may be found on OCR's website at About OCR | U.S. Department of Education.

Your case will be assigned shortly, and that staff person will contact you by email, unless you specified in your complaint that you prefer to be contacted by phone. We request your patience as we evaluate your complaint. If you have any questions or concerns, please contact Team Leader Andrea DelMonte at Andrea.Delmonte@ed.gov.

Thank you,

OCR Philadelphia

---

Program Support

U.S. Department of Education, Office for Civil Rights

The Wanamaker Building

100 Penn Square East, Suite 515

Philadelphia, Pennsylvania 19107

Phone: (215) 656-8541 (Main Line)

Fax: (215) 656-8605

*The mission of the Office for Civil Rights is to ensure equal access to education and to promote educational excellence throughout the nation through vigorous enforcement of civil rights.*

 Gmail                                                                                              Tanyqua Oliver <tanyqua5@gmail.com>

# Office for Civil Rights Complaint #03251179, Fayette County Public Schools.
1 message

**Branigan, Michael** <Michael.Branigan@ed.gov>                                            Mon, Mar 10, 2025 at 2:48 PM
To: "TANYQUA5@GMAIL.COM" <TANYQUA5@gmail.com>

Ms. Oliver –

I am the investigator for the complaint you filed with our office against Fayette County Public Schools. I have read through your complaint and have some follow up questions I'd like to ask you. Are you available this week or next for a telephone interview? I am generally available between 9:30 am and 4:00 pm. Please let me know a day and time I can call. Thanks!

Michael Branigan

Equal Opportunity Specialist

Office for Civil Rights

U.S. Department of Education

Email Address: michael.branigan@ed.gov

Phone Number: (202) 987-1461